UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAELOR BENNETT,

    Plaintiff,

v.

    Case No. 1:25-cv-287

    Hon. Hala Y. Jarbou

LOUIS DEJOY, et al.,

    Defendants.
_____/

## ORDER

Plaintiff Taelor Bennett filed this lawsuit against Defendants Louis DeJoy (as Postmaster General of the United States Postal Service), Lee Garcia, Susan Harcus, and Amy Kinney for alleged violations of the Privacy Act of 1974. (Compl., ECF No. 1.) Under 28 U.S.C. § 1915(e)(2)(B), Magistrate Judge Green reviewed Plaintiff's pro se complaint and submitted a report and recommendation ("R&R") discussing why Plaintiff's complaint should be dismissed. (ECF No. 6.) Plaintiff filed an objection to the R&R. (ECF No. 7.) For the reasons discussed herein, the Court reaches the same conclusion as the magistrate judge but does so by employing different legal reasoning. The Court will overrule Plaintiff's objection and dismiss the complaint.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In the R&R, Magistrate Judge Green determined that Bennett did not allege any intentional or willful conduct, as is required to state a claim under the Privacy Act. *See FAA v. Cooper*, 566

U.S. 284, 291 (2012) (explaining that an agency is liable "for any 'intentional or willful' refusal or failure to comply with the Act" (citing 5 U.S.C. § 552a(g)(4))).  Magistrate Judge Green also provided an alternative basis for dismissal, noting that punitive damages are not available under the Privacy Act, and Bennett's conclusory allegations of emotional distress were insufficient to state a claim upon which relief could be granted.  Bennett objected, arguing that she properly alleged conduct in violation of the Privacy Act.  She also argued, citing *Clemens v. ExecuPharm Inc.*, 48 F.4th 146 (3d Cir. 2022), that "the disclosure of private information . . . give[s] rise to" a cognizable injury.  *Id.* at 154.

Bennett's claim fails not because she improperly alleged intentional or willful conduct, and not because her conclusory allegations regarding emotional distress were *insufficient*; her claim fails because the United States Postal Service—the only proper defendant in this Privacy Act lawsuit, 5 U.S.C. § 552a(g)(1) (creating a cause of action "against the agency" that violated the Act's provisions)—enjoys sovereign immunity for her claim.

In authorizing a cause of action for damages against the Government, the Privacy Act serves as a narrow waiver of sovereign immunity.  *Cooper*, 566 U.S. at 290.  That narrow waiver only applies to claims for "actual damages."  *Id.* at 291.  While "actual damages" is a legal term of art, in the context of the Privacy Act, it only refers to "pecuniary or economic harm."  *Id.* at 292-99 (analogizing "actual damages" under the Privacy Act to "special damages" in defamation claims).  The Government remains immune against claims seeking "an award of damages for mental or emotion distress" under the Privacy Act.  *Id.* at 304.  Because Bennett seeks damages for emotional stress and anxiety and punitive damages (Compl., PageID.5), neither of which are "actual damages" under the Privacy Act, *Cooper*, 566 U.S. at 293 n.3, 304, her lawsuit must be dismissed.

Accordingly,

**IT IS ORDERED** that the report and recommendation (ECF No. 6) is **ADOPTED IN PART** as the opinion of the Court.  The Court adopts the final conclusion of the R&R but applies the reasoning discussed herein.  Plaintiffs claims are dismissed due to sovereign immunity.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 7) is **OVERRULED**.

A judgment will issue in accordance with this Order.

Dated: July 16, 2025              /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE